HENSLEY, APPELLEE, *v.* SWAN RUBBER CO. ET AL., APPELLANTS.

(No. 1558—Decided February 26, 1966.)

Mr. *Robert B. Spurlock*, for appellee.
Messrs. *Halberstein & Mitchell*, Mr. *William B. Saxbe*,
attorney general, Mr. *Bernard L. Hoffernan* and Mr. *Tony Kidd*,
for appellants.

*Per Curiam.* The only issue involved in this appeal is as
to the time when the "statute of limitations" constituting a
part of the second paragraph of Section 4141.35, Revised
Code, shall start to run.

It will be first observed that neither the "statute of limita-
tions" appearing in the first paragraph of that section nor
the one appearing in the second paragraph are statutes of
limitation in the normal sense, *i. e.*, they do not purport to bar
the commencement of an action in a court of law, but each pur-
ports to limit the time within which the Administrator of the
Bureau of Unemployment Compensation may by his own order
declare and require certain things to be done as a condition
precedent to the receipt of future benefits by an unemployment
compensation claimant. The paragraph with which we are
specifically concerned limits the time within which the admin-
istrator shall by his "order cancel such waiting period and

require that such benefits be repaid in cash to the bureau or be withheld from any benefits to which such applicant is or may become entitled before any additional benefits are paid."

The effect of this limitation is to reasonably protect a person entitled to future unemployment benefits from being denied same by reason of payment to him of past unemployment benefits to which he was not entitled, which past payment may have been made by reason of mistake of fact or mistake of law and which it might be a hardship, if not an impossibility, for him to repay in order to qualify for the later benefits. The statute does not purport to affect the administrator's rights, if any he has, to initiate a civil action in a court of law to recover payments illegally made, but does place a time limit on the administrator's right, by his own order, to require repayment as a condition precedent to the right to future unemployment benefits.

That being the case, it is unreasonable to believe that the Legislature intended that the administrator should have control of the limitation, by making his finding at any time he sees fit that an applicant "has been credited with a waiting period or paid benefits to which he was not entitled," and to then have an additional three years to make his order requiring repayment. It is only reasonable to conclude that the Legislature intended that he should make his order cancelling the waiting period and requiring repayment at the same time that he determines that benefits were illegally paid, and that such finding of illegality and order cancelling the waiting period and requiring repayment should be made within three years from the date on which the illegal payment to which it pertains was made. We so hold.

*Judgment affirmed.*

Younger, P. J., Guernsey and Middleton, JJ., concur.